

# United States Bankruptcy Court
# for the District of Oregon

**Albert E. Radcliffe, Judge**  405 East Eighth Avenue, Suite 2600  (541) 431-4050
Virginia H. Denney, Judicial Assistant  Eugene, Oregon 97401  FAX: (541) 431-4047
Howard J. Newman, Law Clerk

March 2, 2010

Mr. Keith D. Karnes
PO Box 12829
Salem, OR 97309

Mr. Lance Olsen
3535 Factoria Blvd., SE, #200
Bellevue, WA 98006

RE:  POTTER, Jim & Dianna; Case No. 04-66727-aer13
     Jim & Dinah [sic-Dianna] Potter v. EMC Mortgage Corporation
     Adversary Proceeding No. 09-6111-aer
     Plaintiffs' Request for Jury Trial

Counsel:

This letter is intended to announce my ruling on Plaintiffs' request for a jury trial on certain claims for relief filed in the above-referenced case. As the parties recall, at a hearing on November 18, 2009, I announced a tentative ruling denying such request. I then gave the parties time to brief the issue. The briefs have been submitted and the matter is ripe. For the reasons stated below, I now confirm my tentative ruling and deny Plaintiffs' request.

Background:

Plaintiffs, the debtors herein, filed their Chapter 13 petition on August 24, 2004. At that time, Plaintiffs allege Defendant was servicing (on behalf of Washington Mutual Bank) the note and senior trust deed on Plaintiffs' residence located on 10750 Silbernagel Rd., Stayton, Oregon (**the property**). Plaintiffs' undated Chapter 13 plan (filed August 24, 2004) provided for arrearages on the note and trust deed to be paid to Defendant through ¶ 2(b)(1) and ongoing post-petition maintenance payments to be paid through ¶ 4 "in accordance with the terms of" the parties' contract. The plan was confirmed by order entered December 1, 2004.

Defendant timely filed proof of claim #7 for $279,164.45 based on a note and trust deed. The claim indicated an arrearage of $29,794.45. Defendant later amended the claim by filing proof of claim #18 for $280,105.95, with $30,735.95 indicated as the arrearage.

Plaintiffs fell behind on their post-petition maintenance payments. On October 18, 2005, a stipulated order signed by counsel for Plaintiffs and Washington Mutual Bank was entered conditioning the continuation of the automatic stay on, among other things, Plaintiffs curing their post-petition arrearage by direct payments of $224.94 per month from October 15, 2005 through March 15, 2006. Plaintiffs failed to make these cure payments and on June 9, 2006, another stipulated order (**the June 9, 2006 order**) was entered (again signed by counsel for Washington Mutual Bank and Plaintiffs) conditioning the continuation of the automatic stay on Plaintiffs' cure of a $9,476.77 post-petition default by August 15, 2006. The June 6, 2009 order also conditioned the stay's continuance on Plaintiffs paying Defendant regular monthly payments of $1,593.38 commencing June 1, 2006. Finally, it required that Plaintiffs maintain insurance and pay real property taxes at all times as required by the security agreement. Upon default of these conditions, Washington Mutual Bank could file and serve a certificate of noncompliance specifying the default and submit an order granting relief from the automatic stay, which the court could grant without further notice or hearing.

Plaintiffs completed payments under their plan and on September 12, 2007, a discharge order was entered. On October 25, 2007, the Chapter 13 trustee's final account was approved and the case was closed. It was reopened on Plaintiff's motion on June 2, 2009, to allow the filing of the present adversary complaint on June 23, 2009.

The complaint states three causes of action. The first is for violation of various sections of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692 <u>et. seq</u>.; the second is for contempt of the confirmation order and the June, 9, 2006 order; the third is for violation of various sections of the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. § 2605. The FDCPA and RESPA claims seek actual damages, statutory damages, and attorney's fees and costs. Plaintiffs have requested a jury trial on the FDCPA and RESPA claims.

Discussion:

Defendant argues Plaintiffs gave up their 7th Amendment jury trial right by filing their Chapter 13 petition and thereby submitting themselves to the equitable jurisdiction of this court.[1] I agree. The caselaw which has evolved since the Supreme Court's seminal cases of <u>Granfinanciera S.A. v. Nordberg</u>, 492 U.S. 33, 109 S. Ct. 2782, 106 L. Ed. 2d 26 (1989) and <u>Langenkamp v. Culp</u>, 498 U.S. 42, 111 S. Ct. 330, 112 L. Ed.2d 343 (1990) holds that a debtor "waives"[2] the right to a jury trial on matters "vital to the bankruptcy process," including disputes that are part of the claims allowance process and/or the hierarchical reordering of his creditors' claims. <u>Dunmore v. U.S.</u>, 358 F.3d 1107, 1116 (9th Cir. 2004) (quoting <u>Germain v. Conn. Nat'l Bank</u>, 988 F.2d 1323,1329-30 (2nd Cir. 1993)); see also, <u>Beck v. Advanta Mortgage Group, USA (In re Southern Pacific Funding Corp.)</u>, Dist. Ct. # 02-203-MA (D. Or. April 29,

---

[1] Defendants apparently concede the FDCPA and RESPA claims are "legal" claims which would otherwise be entitled to trial by jury.

[2] The Bankruptcy Appellate Panel has clarified that this is not a "waiver' in the sense of not timely demanding a jury trial under FRCP 38. "Rather, the actor [debtor] elects to pursue a remedial scheme in which a jury trial is not available and agrees to be bound by the result." <u>Hickman v. Perlmutter (In re Hickman)</u>, 384 B.R. 832, 839, n.4 (9th Cir. B.A.P. 2008).

2002) (Marsh, J.) (unpublished) (finding waiver if the matter is vital to the process of allowance or disallowance of claims). Conversely on matters only "incidental" to the bankruptcy process, a debtor does not "waive" his jury trial right. Dunmore, supra. Phrased another way, a debtor gives up his jury trial rights on all matters that are "integral to the adjustment of the debtor/creditor relationship. Hickman v. Perlmutter (In re Hickman), 384 B.R. 832, 838 (9th Cir. B.A.P. 2008).

  The FDCPA and RESPA claims are based on Defendant's alleged:1) wrongful declaration of default; 2) failure to accept payments; 3) failure to accurately account for payments; 4) wrongful initiation of non-judicial foreclosure proceedings; 5) false reporting of a derogatory payment history to the national credit reporting agencies; and 6) other attempts to collect fees and costs not owed. Although, as pled, Defendant's assertion of its collection rights occurred post-discharge and case closure, that assertion related to alleged defaults accruing post-confirmation and pre-discharge. All the above allegations are inextricably intertwined with Defendant's alleged contemptuous noncompliance with the confirmation order and the June 6, 2009 order.[3] A confirmation order is the document approving a debtor's payment plan. It goes to the heart of the Chapter 13 process. Likewise, the automatic stay of 11 U.S.C. § 362 is a lynchpin of bankruptcy relief and any order conditioning its continuation likewise is "vital" to the bankruptcy process. The allegations also all relate to either collection or servicing of the Defendant's underlying claim. As stated by the court in Alvarado v. Washington Mutual Bank (In re Alvarado), 2008 WL 783545 (Bankr. W.D. Tex. 2008) in ruling on the defendant creditor's request for a jury trial on similar facts:

> The court acknowledges that many of the plaintiffs' claims are legal in nature. The mere assertion of legal claims, however, does not itself require a separate jury trial over those claims if those claims are intertwined with the claims allowance process or other matters at the core of the bankruptcy process. . . In this case, all claims asserted by the plaintiffs are based on Washington Mutual's alleged actions taken to collect payment on its claim and to protect the collateral securing its claim. While these actions may also violate non-bankruptcy laws, and while the plaintiffs may also request monetary relief, the allegations are clearly intertwined with the core jurisdiction of this court-that is, the claims allowance process and purported violations of the automatic stay.

Id. at *3 (internal citations omitted). Based on Alvarado's reasoning which I adopt, if Defendant would not be entitled to a jury trial on the FDCPA and RESPA claims then surely Plaintiffs, who initiated the Chapter 13 proceedings, would not. C.f, Hickman, supra at 839 (a Chapter 7 debtor invokes the bankruptcy court's equitable jurisdiction in a more profound manner than a mere creditor).

---

[3] "However, the facts surrounding the statutory [FDCPA and RESPA] claims are the facts that are common to all claims." Plaintiffs' Memorandum in Support of Jury Trial Request at 6:10-11.

      The above constitute my findings of fact and conclusions of law under FRBP 7052. They shall not be separately stated. An order consistent herewith will be entered.

                                  Very truly yours,

                                  *albert E. Radcliffe*

                                  ALBERT E. RADCLIFFE
                                  Bankruptcy Judge

AER:vhd